Citation Nr: 1313636 
Decision Date: 04/24/13 Archive Date: 05/03/13

DOCKET NO. 10-40 328 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to a compensable rating for patellofemoral syndrome and reflex sympathetic dystrophy of the left knee, to include the propriety of the reduction from 20 to zero percent, effective from November 1, 2009.

2. Entitlement to a compensable rating for patellofemoral syndrome and reflex sympathetic dystrophy of the right knee, to include the propriety of the reduction from 20 to zero percent, effective from November 1, 2009.

3. Entitlement to a total evaluation based on individual unemployability due to service-connected disability.


REPRESENTATION

Appellant represented by: Mathew D. Hill, Attorney



WITNESSES AT HEARING ON APPEAL

Veteran and her mother


ATTORNEY FOR THE BOARD

C.A. Skow, Counsel


INTRODUCTION

The Veteran served on active duty from July 1989 to October 1992.

This matter comes before the Board of Veterans' Appeal (Board) on appeal from an August 2009 rating decision of the St. Petersburg, Florida, Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran testified along with her mother before the undersigned Veterans Law Judge (VLJ). A hearing transcript is associated with the claims files. The VLJ held the record open for an additional 30 days for the submission of additional evidence supporting the claims.

In February 2012, the Board received additional evidence from the Veteran's attorney that included argument and a private vocational assessment (dated December 2011) along with a waiver of consideration by the originating agency. 38 C.F.R. § 20.1304(c).

The Board notes that, in addition to the paper claims files, there is a Virtual VA electronic claims file associated with the Veteran's claim. A review of the documents in the electronic file reveals that they are either duplicative of the evidence in the paper claims file or are irrelevant to the issues on appeal.


Also, the Board notes that the Veteran and her attorney have recently raised claims for depression as secondary to service-connected disability and special monthly compensation based on the need for regular aid and attendance. These issues have not been developed or adjudicated in the first instance by the RO and, therefore, they are REFERRED to the RO for appropriate action.

The appeal is REMANDED to the Department of Veterans Affairs Regional Office. VA will notify the Veteran if further action is required.


REMAND

The Veteran through her attorney avers that the RO improperly reduced her disability rating for bilateral knee disability from 40 percent to 0 percent under the schedular criteria pertaining to orthopedic disability when a higher evaluation should have been assigned under Diagnostic Code 5025 (Fibromyalgia) in view of the medical evidence showing that the Veteran's long-standing bilateral knee pain is part of her diagnosis for complex regional pain syndrome (CRPS) also known as reflex sympathetic dystrophy (RSD). Additionally, the Veteran's attorney argues that the Veteran is unemployable due to service-connected disability. Lastly, the Veteran's attorney asserts that both the increased disability evaluation for the knees and TDIU should have effective dates from April 2004 because he believes that her claim for increase has been ongoing since that date.

Because this case presents a complex medical scenario, the Board will summarize briefly the salient medical history and findings in order to give context to the remand bases and instructions below.

Service treatment records show that the Veteran was involuntarily separated by a medical board due to a primary diagnosis for patellofemoral stress syndrome of both knees, which was described as having an insidious onset, worsened with pain and relieved with rest. She was found unable to complete the requirements of her rank and military occupation.

Report of VA examination dated in April 2000 reflects a history of increased knee pain and intermittent use of crutches in service. Following service, the Veteran reported a history of pain and swelling along with an inability to walk more than around the block. She reported that she lost her job as an operator with AT&T because of absenteeism related to knee pain. The impression was "Bilateral knee pain, possibly patellella/femoral in origin, possibility of rheumatologic disease could not be ruled out."

Report of VA examination dated in July 2004 reflects that the Veteran presented with a "swing through gait using crutches." There were expression of pain on examination, which showed tenderness about the joint and flexion limited to 90 degrees due to pain. It was noted that a recent MRI showed some mucoid degeneration of the medial meniscus but that ligaments were intact. The examiner stated "The question raised is whether this is a somatoform disorder"

VA treatment records dated from 2005 to 2007 essentially reflect bilateral knee pain beginning in 1990 or 1991 with no know cause. In 2005, the Veteran presented with new complaints of hip and low back pain, deemed to be secondary to long-term guarding of painful knees. An August 2005 note indicates that there was no good explanation for the Veteran's high level of pain and why she is incapacitated; knee arthralgia was assessed. In September 2005, the assessment was "chronic pain syndrome-knees, etc; and chronic patellofemoral pain."

Report of VA examination dated in November 2005 reflects continued complaints of knee pain and swelling, intermittent with remissions. The Veteran used knee braces, crutches, and a scooter when shopping. An orthopedic evaluation was conducted and the diagnosis was patellofemoral syndrome (PFS). A neurological evaluation was conducted and the diagnosis was low back pain with radiating symptoms to the lower extremities.

Report of VA examination dated in October 2006 shows complaints of constant knee pain with flare-ups 5-6 times a month. The diagnosis was PFS of the knees causing the Veteran difficulty with standing, walking, and impaired physical labor. Report of VA examination dated in February 2008 also shows a diagnosis for PFS. The Veteran reported that she was unable to work because of bilateral knee pain, and that she required the regular assistance of another person with food preparation, and bathing. She presented in a wheelchair.

VA treatment records reflect continued evaluations of bilateral knee pain with essentially unremarkable diagnostic testing, such as MRI and EMG. A January 2007 note shows an assessment for arthralgias of the knees and feet; the examiner sought evaluation with rheumatology and evaluation for "a seronegative disease, possibly Lyme disease." A December 2007 note indicated "veteran with chronic pain from fibromyalgia and bilateral knee arthralgia..." Because of the absence of structural abnormalities of the knees, the examiner thought consideration should be given to the "possibility of RSD."

VA treatment records dated in early 2008 reflects that CRPS was the most likely explanation and diagnosis for the Veteran's chronic pain problems. A May 2008 VA treatment note reflects an assessment for 4 extremity CPRS. A June 2008 VA treatment note reflects that the Veteran suffers from a condition most compatible with CRPS type II and that the objective evidence to support this diagnosis included "allodynia, swelling, [and] some response to sympathetic nerve block." It was indicated that the condition was "progressive and has not responded well to treatments. . ." The physician stated that "her clinical condition may be related to the initial symptoms described during active military [service]." He further stated that he was unable "to give a more precise relationship of causation because of the long time period and recent insidious progression of the condition."

In a July 2008 statement, written in response to the RO's May 2008 proposal to reduce her disability rating for each knee from 20 percent to 10 percent, the Veteran indicated that she has swelling and pain of the knees, she was unable to do what was asked of her by the examiner, and that she is now treated for CRPS/RSD, "the reason why I have had chronic knee pain for so long."

Private treatment records show CRPS of the lower extremities and left upper extremity. VA treatment records show CRPS is all 4 extremities.

Report of VA examination dated in November 2008 reflects a diagnosis for CRPS "beginning while in the military, in her knees and feet." The examiner stated that he could not answer whether bilateral knee pain progressed to affect multiple joints without resorting to speculation. No further explanation was provided.

Report of VA examination dated in January 2009 reflects diagnoses for PFS of the knees, and RSD involving the knees, status post implantable spinal cord stimulator.

It is noted that, in a June 2009 rating decision, the RO proposed to reduce the Veteran's disability evaluation for PFS of the knees, with RSD, status post implantable spinal cord stimulator from 20 percent to zero percent. The rating code sheet shows that Diagnostic Code 5257 was applied, rather than Diagnostic Code 5025 or another potentially applicable provision. The RO notified the Veteran of the proposed reduction in June 2009 and effectuated the proposed reduction in an August 2009 rating decision, from which this appeal arises.

Given the complex medical matters in this case, the Board finds that remand is necessary to resolve some outstanding medical questions presented by the Veteran's medical history and her current claims. A VA examination and a medical opinion should be obtained from a physician of appropriate expertise to answer the following questions: 

(1) Does the Veteran have PFS? 

(2) Is PFS a separate and distinct disability from CRPS/RDS? 

(3) What are the symptoms of CRPS during the appeal period? 

(4) Is the Veteran's pain in the hips and back etiologically related to 
her diagnosis for CRPS or caused or aggravated by service-connected PFS and RSD of the knees? 

(5) Is the Veteran unable to obtain or retain substantially gainful employment due solely to service-connected disability?

VA's duty to assist includes obtaining a medical examination or opinion where necessary to decide the claim. 38 C.F.R. § 3.159. See also, See McLendon v. Nicholson, 20 Vet. App. 79 (2006); Duenas v. Principi, 18 Vet. App. 512 (2004) (a VA examination and/or opinion is warranted when there is an indication in the record that a current disability is related to military service; the threshold for an indication is low).

Accordingly, the case is REMANDED for the following action:

1. The RO should undertake appropriate development to obtain any outstanding records pertinent to the Veteran's claims.

2. Then, the Veteran should be scheduled for a VA examination by an appropriate physician to evaluate the Veteran's knees and CRPS/RSD from both an orthopedic and neurologic standpoint. The physician should answer the following questions and provide a complete explanation for his answers.

(a) Does the Veteran have patellofemoral syndrome (PFS) and, if yes, is PFS a separate and distinct disability from the Veteran's diagnosed complex regional pain syndrome/reflex dystrophy syndrome (CRPS/RDS)?

(b) If the Veteran experiences PFS separate and distinct from CRPS/RDS, what are the symptoms of PFS and what are the symptoms of CRPS/RDS?

(c) Is the Veteran's pain in the hips and back caused or aggravated by CRPS/RSD or PFS?

(d) In regards to CRPS/RDS, does the Veteran have widespread musculoskeletal pain and tender points, with or without associated fatigue, sleep disturbance, stiffness, paresthesias, headache, irritable bowel symptoms, depression, anxiety, or Raynaud's-like symptoms, that are constant, or nearly so, and refractive to therapy.

(e) Is the Veteran unable to obtain or retain substantially gainful employment due solely to service-connected disability?

The Veteran's reports of chronic pain should be accepted as truthful unless otherwise indicated. The claims folder must be reviewed along with a copy of any pertinent records located in the Veteran's Virtual VA electronic claims file.

A complete rationale for all opinions is required. The physician should identify and explain the relevance or significance, as appropriate, of any history, clinical findings, medical knowledge or literature, etc., relied upon in reaching the conclusion(s).

If an opinion cannot be expressed without resort to speculation, the physician should explain the inability to provide an opinion, identifying precisely what facts could not be determined. In particular, he/she should comment on whether an opinion could not be provided because the limits of medical knowledge have been exhausted or whether additional testing or information could be obtained that would lead to a conclusive opinion. Jones v. Shinseki, 23 Vet. App. 382, 389 (2010).

3. The RO should undertake any other development it determines to be warranted and ensure that the report of medical examination with a medical opinion is adequate and substantially complies with the terms of this remand.

4. After the development requested above has been completed to the extent possible, the RO should readjudicate the issues on appeal. If the benefits sought on appeal are not granted to the Veteran's satisfaction, she and her attorney should be furnished a Supplemental Statement of the Case and given the requisite opportunity to respond before the claims folders are returned to the Board for further appellate action.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).




_________________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).